## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

STANDARD FEDERAL BANK, N.A., as
Successor by merger to MICHIGAN
NATIONAL BANK,

     Plaintiff,

v.

M/Y PLEASURES, Official Number 1068563,
a 1998 47' Sea Ray, her engines, tackle, rigging,
dinghies, equipment, appurtenances, furniture, etc.,
*in rem*, MARIE A. FALOR, ROBERT D. FALOR,
*Mortgagors*, and STANDARD FEDERAL BANK, N.A.
As Successor by merger to MICHIGAN NATIONAL
BANK,

     Defendants.
_____/

Main Case No. 03-60925 *ruck*

Supplementary Proceeding No.:

MERRILL LYNCH BUSINESS FINANCIAL
SERVICES INC.,

     Intervening Plaintiff,

v.

STANDARD FEDERAL BANK, N.A., as
Successor by merger to MICHIGAN
NATIONAL BANK, M/Y PLEASURES,
Official Number 1068563, a 1998 47' Sea Ray,
her engines, tackle, rigging, dinghies, equipment,
appurtenances, furniture, etc., *in rem*,
MARIE A. FALOR, ROBERT D. FALOR,
*Mortgagors*, and STANDARD FEDERAL BANK, N.A.
As Successor by merger to MICHIGAN NATIONAL
BANK,

     Defendants.
_____/

## MERRILL LYNCH BUSINESS FINANCIAL
## SERVICES INC.'S INTERVENING VERIFIED COMPLAINT



The intervening plaintiff, Merrill Lynch Business Financial Services Inc. ("Merrill Lynch"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 24, Local Admiralty and Maritime Rule E, and other applicable law, hereby files its Verified Complaint against M/Y PLEASURES, Official Number 1068563, together with all its engines, tackle, rigging, dinghies, equipment, appurtenances, furniture, etc., all of which is referred to and deemed herein as the "Vessel", *in rem*, and party defendants M/Y PLEASURES, MARIE A. FALOR, ROBERT D. FALOR and STANDARD FEDERAL BANK, N.A., as successor by merger to MICHIGAN NATIONAL BANK, ("Standard") and intervening in this action and states as follows:

## A. <u>Statement of the Case</u>

Merrill Lynch seeks to intervene and foreclose any and all liens and encumbrances upon or against the Vessel by virtue of its properly perfected judgment lien and custodia legis expenses (collectively referred to as "Liens") that remain outstanding, including the judgment amount of $847,172.35 and approximately $35,000 in custodial legis fees and expenses totaling an estimated $882,172.35 in debt, damages and unliquidated claims.  Standard may claim a right, title or interest in the Vessel, however, has failed to properly perfect its alleged assignment and security interest for its loan obligation and therefore any and all rights, title and interests of Standard are subordinate and secondary to that of Merrill Lynch.  Merrill Lynch seeks a determination by this Court that its Liens be declared a valid and enforceable upon the Vessel, superior to the rights, title and interest of any and all other persons.  Both goals of intervention are advanced by permitting Merrill Lynch to seek a determination of the priority of its Liens with respect to the Vessel.

## B. <u>Allegations</u>

1.      Jurisdiction is founded on 28 U.S.C. 1333, and 46 U.S.C. Sections 31325, 31341, 31342 and 31343 and other statutory and common law.  Moreover, this is an Admiralty and Maritime Claim within the meaning of Federal Rule of Civil Procedure 9(h).

2.      The property that is the subject matter of this litigation, the "Vessel" is within the district and will be within the district and the jurisdiction of this Honorable Court during the adjudication of this lawsuit.

3.      The Vessel, M/Y PLEASURE, is more particularly described as:

| | |
|---|---|
| Year Built | 1998 |
| Type of Vessel | Sea Ray |
| Length | 47' |
| Official Number | 1068563 |
| Hull Id. Number | SERP40218898 |

4.      Upon information and belief the Vessel is currently located at 1915 S.W. 21st Avenue, Fort Lauderdale, Florida.

5.      The Owners and Mortgagors of the Vessel, Marie A. and Robert D. Falor reside at 700 N. Orleans Street, Chicago, Il 60610.

6.      Standard is a financial institution operating in Farmington Hills, Michigan.

7.      On December 5, 2002, Merrill Lynch obtained a judgment (the "Judgment"), in the original aggregate amount of $847,172.35, against Nationwide Hotel Supply, Inc., Nationwide Hotel Management, Inc., MAF, Inc., Nationwide Restaurant Industries, Inc., Allied Hospitality Group, Inc., Nationwide Hotel Leasing, Robert D. Falor and David R. Falor

(collectively, the "Judgment Debtors"), in a case pending in the Circuit Court for Cook County, Illinois (the "Illinois Case"). A copy of the Judgment is attached hereto and Exhibit "A."

8.      On March 18, 2003, the Judgment was domesticated in the State of Florida by the filing of the Notice of Recording of Foreign Judgment, in a case (the "Florida Case") that remains pending in the Circuit Court for Miami-Dade County, Florida.

9.      There still remains due and unpaid on the Judgment the amount of $847,172.35, inclusive of interest, costs, and attorneys' fees accrued up until the date of the Judgment (the "Judgment Amount"). Since December 5, 2002, and prospectively, interest has and will continue to accrue at the statutory rate on the Judgment Amount, all of which remains due and unpaid.

10.     On March 18, 2003, and in connection with the Florida Case, a Notice of Recording Foreign Judgment was filed pertaining to the Judgment, a copy of which is attached hereto as Exhibit "B." In connection with the same, Merrill Lynch verified that no other judgment or lien of record had been recorded or perfected as against any of the Judgment Debtors as of that date.

11.     Pursuant to Florida Statutes § 56.27, Merrill Lynch reviewed the database and/or judgment lien records established in accordance with Florida Statutes §§ 55.201 and 55.209 and discovered that there are no other liens encumbering a 1998 Sea Ray 47 foot yacht known as "Pleasures;" Vessel Official Number 1068563; Hull Id. No. SERP4021B898; Registration No. CG D10868563 (the "Vessel"). The Vessel is the subject matter of this cause, and has at all times relevant hereto been titled in the name of Marie A. Falor and Robert D. Falor (one of the Judgment Debtors) as joint tenants with right of survivorship.

12.     On March 13, 2003, the Judgment Lien Certificate was recorded with the Secretary of the State of Florida, Instrument Number J03000102816, in the principal amount of $847,172.35, a copy of which is attached as Exhibit "C."

13.     Merrill Lynch has properly perfected its judgment lien rights against the Vessel in accordance with Florida Statutes.

14.     Based upon all of the foregoing, Merrill Lynch issued instructions for levy on the Vessel on April 16, 2003, a copy of which is attached hereto as Exhibit "D."

15.     On April 18, 2003, a writ of execution was issued in the Florida Case in favor of Merrill Lynch and against the Judgment Debtors in the Judgment amount, a copy of which is attached hereto as Exhibit "E."

16.     On April 18, 2003, the Vessel was seized by the Sheriff of Miami-Dade County, Florida, as reflected by a Notice of Sheriff's Levy, dated April 22, 2003, a copy of which is attached hereto as Exhibit "F."

17.     The Sheriff has properly noticed a sale of the Vessel to occur at 11:00 a.m. on May 28, 2003, in its former location in Dade County, Florida, as reflected by a Notice of Sheriff's Sale, dated April 21, 2003, a copy of which is attached hereto as Exhibit "G."

18.     Merrill Lynch has a maritime claim and equitable lien for custodial legis and necessary expenses that it incurred in an amount over $35,000 in the search, seizure and safeguarding of the Vessel for the benefit of the creditors, including wharfage and other necessary expenses.

19.     On or about May 16, 2003, Standard filed its Verified Complaint to Foreclose Mortgage (the "Complaint"), thereby initiating the main action.

20.     Standard claims in the Complaint to possess a First Preferred Ship Mortgage (the "Mortgage") encumbering the Vessel. Accordingly, on May 16, 2003, Standard obtained the ex parte order of this Court directing issuance of a warrant of arrest for the Vessel. Additionally, this Court has entered an order appointing G. Robert Toney and Associates, Inc. d/b/a National Liquidators (the "Custodian") as substitute custodian for the Vessel.

21.     By order of the Court as referenced above, the Clerk of this Court issued its Emergency Warrant of Arrest in Rem (the "Warrant") on May 16, 2003. Pursuant to the Warrant, on or about May 21, 2003, the United States Marshal for this Court arrested the Vessel.  The obvious intent in these regards is to cause the cancellation of the sale scheduled in the Florida Case.

22.     Standard does not possess a perfected assigned security interest in the Vessel.  See the Mortgage and related loan documents collectively attached hereto as Exhibit "H."  The documents reflect that Standard failed to properly record an assignment with the Secretary of Transportation in accordance with 46 U.S.C. 31321 and other relevant sections of the United States Code.  The Mortgage fails to expressly secure Standard's loan obligation.

23.     In addition to all the foregoing, Standard has at all times relevant hereto been aware of Merrill Lynch's claims as against the Vessel, and efforts to enforce its interests in the same and aware that Standards interests are not properly perfected.

24.     Merrill Lynch seeks a determination by this Court that its Liens be declared a valid and enforceable as against the Vessel, and that it is superior to any right, title, interest, lien, or claim of any and all other persons.

25.     Merrill Lynch should be entitled to intervene in this cause, and its rights as intervenor include the right to seek prompt dissolution of the Warrant of Arrest, so that the Vessel can be sold in connection with the Florida Case. Because this Court possess no-exclusive jurisdiction, and because Standard cannot establish that it possesses a valid lien encumbering the Vessel, Merrill Lynch should be entitled as intervener to obtain the order of this Court directing the Custodian to turn over the Vessel to the Sheriff so that this sale can proceed as contemplated.

26.     Any and all conditions precedent have been satisfied by the intervening plaintiff or waived by the Defendants.

## COUNT I

27.    The plaintiff hereby realleges and reincorporates paragraphs 1 through 26 herein. This is an action to foreclose any and all third parties' interests, liens or encumbrances on the Vessel.

28.    Merrill Lynch has a perfected judgment lien that was properly perfected in the State of Florida by virtue of its domestication action and proper recordation with the Secretary of State in the State of Florida.

29.    Standard failed to properly perfect its security interest by, among other things, failing to record an assignment of its outstanding loan obligation in accordance with Title 46 U.S.C. § 31321 and other applicable law.  Title 46 section § 31321 states that "[a] bill of sale, conveyance, mortgage, assignment, or related instrument, whenever made, that includes any part of a documented vessel or a vessel for which an application for documentation is filed, must be filed with the Secretary of Transportation to be valid, to the extent the vessel is involved, against any person except--

(A) the grantor, mortgagor, or assignor;

(B) the heir or devisee of the grantor, mortgagor, or assignor; and

(C) a person having actual notice of the sale, conveyance, mortgage, assignment, or related instrument.

30.    Standard's loan obligation is not expressly secured by the Preferred Ship Mortgage and Merrill Lynch did not have actual notice of the alleged assignment thus any right, title or interest that it may claim is subordinate, junior and inferior to that of Merrill Lynch.

31.    The full amount of the judgment lien remains due and owing to Merrill Lynch. Accordingly, the Judgment Debtors owe Merrill Lynch the judgment amount of $847,172.35,

plus a per diem amount at the statutory rate of nine percent pursuant to the State of Illinois, plus post judgment interest, attorneys' fees and costs.

32.     Merrill Lynch seeks judgment against the Defendants, and any and all third parties claiming any interest, encumbrance or right in the subject Vessel, foreclosing any claimed right, title and interest in the Vessel, forever barring any claim to the property.

WHEREFORE, Merrill Lynch requests judgment of this Court for the following relief:

a.     that all persons claiming any right, title and interest in the Vessel appear and answer the matters aforesaid;

b.     that Merrill Lynch's properly perfected judgment lien upon the Vessel be determined to be superior to the liens, rights, title, interests, or claims of any third persons, firm or corporations whatsoever;

c.     the Vessel be sold and the proceeds be paid to Merrill Lynch for its outstanding lien, along with interest, attorneys' fees and costs and a deficiency judgment be entered if appropriate;

d.     that any and all persons, firms and corporations claiming any right, title and interest in said Vessel are forever barred and foreclosed of all right or equity of redemption or claim of, in or to said Vessel; and

e.     any other relief that this Court deems proper.

## COUNT II

33.     The plaintiff hereby realleges and reincorporates paragraphs 1 through 26 herein. This is an action under common law to recover for custodia legis expenses of justice and any other priority administrative expenses incurred by Merrill Lynch in the recovery and safeguarding of the asset for the benefit of all creditors.

34.    Merrill Lynch incurred in excess of $35,000 in fees and expenses in the administration of salvaging and safeguarding the Vessel for the benefit of the creditors.  Such expenses include wharfage and other expenses necessary to preserve the Vessel are given priority administrative status pursuant to common law.

35.    The full amount of the custodia legis expenses and other administrative expenses remain due and owing to Merrill Lynch.  Merrill Lynch has an equitable lien on the proceeds of the sale of the Vessel to that extent.

WHEREFORE, Merrill Lynch requests judgment of this Court for the following relief:

a.    that all persons claiming a right, title and interest in the Vessel appear and answer the matters aforesaid;

b.    that the Court determine whether Merrill Lynch has an equitable lien upon the proceeds of the sale of the Vessel as a result of seizing, maintaining, and safeguarding the asset for the benefit of all creditors pursuant to applicable common law;

c.    Merrill Lynch's lien for custodial legis expenses, administrative expenses and attorneys' fees incurred in the seizing, maintaining and safeguarding the Vessel for the benefit of the creditors be determined to be superior to the liens, rights, interests, or claims of any third persons, firm or corporations whatsoever;

d.    the Vessel be sold and the proceeds be paid to Merrill Lynch for any necessary expenses incurred in the seizing, maintaining, and safeguarding of the property, along with interest, attorneys' fees and costs;

e.      that any and all persons, firms and corporations claiming an interest in

said vessel are forever barred and foreclosed of all right or equity of redemption or claim of, in

or to said Vessel; and

f.      any other relief that this Court deems proper.

> *I HEREBY CERTIFY that I am admitted to the bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(a).*

JOHN A. ANTHONY, ESQUIRE
Florida Bar No. 731013
**CHRISTINE M. HOKE, ESQUIRE**
Florida Bar No. 094412
GRAY, HARRIS & ROBINSON, P.A.
201 N. Franklin Street, Suite 2200
Tampa, Florida 33602
Telephone:  (813) 273-5000
Facsimile:  (813) 273-5145
Attorneys for Merrill Lynch Business
  Financial Services Inc.

#578956/cmh

<u>VERIFICATION</u>

STATE OF FLORIDA )
)SS.
COUNTY OF HILLSBOROUGH )

This 30th day of May, 2003, John A. Anthony, attorney of record for Merrill Lynch Business Financial Services Inc., being duly sworn, deposes and states that:

1.      I am the attorney of record for Merrill Lynch Business Financial Services Inc., I am authorized and entitled to sign this Verification upon its behalf.

2.      Merrill Lynch Business Financial Services Inc. is a financial institution headquartered with its principal place of business in Illinois. There is no corporate officer within the district at this time and available to sign this Verification prior to its filing.

3.      That the allegations contained within this Verified Complaint are based on my review of the business records of Merrill Lynch Business Financial Services Inc., and based upon conversations with agents of Merrill Lynch Business Financial Services Inc..

4.      That I have read the foregoing Verified Motion and that all of the allegations contained in the Verified Motion are true and correct to the best of my knowledge, and/or information and belief.

                                    John A. Anthony
                                    Attorney for Merrill Lynch
                                    Business Financial Services Inc.

    The foregoing instrument was acknowledged before me this 30th day of May, 2003 by John A. Anthony, who is personally known to me and who did take an oath. John A. Anthony states that he is a member of the law firm of Gray, Harris & Robinson, P.A., who are the attorneys for Merrill Lynch Business Financial Services Inc., the Plaintiff; that he may sign this document as a duly authorized representative of Merrill Lynch Business Financial Services Inc., that he executed the foregoing instrument for the purposes expressed therein.

    NOTARY PUBLIC
    My Commission Expires:

Amanda J Whitley
My Commission DD067727
Expires January 29, 2006

**EXHIBIT "A"**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

MERRILL LYNCH BUSINESS )
FINANCIAL SERVICES INC., )
)
Plaintiff, )
)
vs. )                    No.   02 L 6220
)
NATIONWIDE HOTEL SUPPLY, INC.; )   Judge David R. Donnersberger
NATIONWIDE HOTEL MANAGEMENT INC.; )
MAF, INC.; NATIONWIDE RESTAURANT )
INDUSTRIES, INC.; ALLIED HOSPITALITY )
GROUP, INC.; NATIONWIDE HOTEL )
LEASING; ROBERT D. FALOR, and )
DAVID R. FALOR, )
)
Defendants. )

## AGREED JUDGMENT ORDER

This cause coming to be heard on a prove-up hearing, Defendants being in agreement as to the following amounts of liability under Plaintiff's Verified Complaint, and the Court being fully advised of the premises and having jurisdiction over the parties and subject matter,

IT IS HEREBY ORDERED that judgment is entered against Defendants Nationwide Hotel Supply, Inc., Nationwide Hotel Management Inc., MAF, Inc., Nationwide Restaurant Industries, Inc., Allied Hospitality Group, Inc., Nationwide Hotel Leasing, Robert D. Falor, and David R. Falor, jointly and severally, and in favor of Plaintiff Merrill Lynch Business Financial Services Inc., in the principal sum of $ 828,845.92; interest through December 4, 2002, in the amount of $ 4,898.64; reasonable attorney fees and costs through December 4, 2002, in the amount of $ 13,427.79, totaling $ 847,172.35, in addition to future costs, attorneys' fees and post judgment interest at the statutory rate.

JAN. 17. 2003   4:42PM   LKSU. LLC                                    NO. 788   P. 3

02 L 6220
Page 2

_____, 2002

ENTER: JUDGE DAVID R. DONNERSBERGER

DEC 0 5 2002

Circuit Court-1541

Prepared by:

Paul M. Weitlich, Esq.
Lawrance, Kamin, Saunders
& Uhlenhop, L.L.C.
208 South LaSalle St., Suite 1750
Chicago, Illinois 60604
(312) 372-1947
Firm No. 90473
Counsel for Plaintiff

Reviewed and Agreed to by:                    Reviewed and Agreed to by:

_____                    _____

Robert D. Falor, individually, and as         David R. Falor, individually, and as
authorized agent for Defendants               authorized agent for Defendants
Nationwide Hotel Supply, Inc.,                Nationwide Hotel Supply, Inc.,
Nationwide Hotel Management Inc.,             Nationwide Hotel Management Inc.,
MAF, Inc., Nationwide Restaurant              MAF, Inc., Nationwide Restaurant
Industries, Inc., Allied Hospitality          Industries, Inc., Allied Hospitality
Group, Inc., Nationwide Hotel Leasing         Group, Inc., Nationwide Hotel Leasing

Cornelius P. Brown, Esq.
COHON, RAIZES & REGAL
208 South LaSalle Street, Suite 1860
Chicago, IL 60604
(312) 726-2252
Counsel for Defendants

**EXHIBIT "B"**

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUD.     CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE   COUNTY, FLORIDA

**DIVISION**

☐ CIVIL

☐ OTHER

**NOTICE OF RECORDING**
**OF**
**FOREIGN JUDGMENT**

**CASE NUMBER:**
03- 2782 CA 30

| JUDGMENT CREDITOR(S) | VS. JUDGMENT DEBTOR(S) |
|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SVCS INC | MAF INC<br>C/O EDWARD SALOMON ESQ<br>Address: 25 W WASHINGTON ST<br>#1000<br>CHICAGO, IL 60602 |

| VS. JUDGMENT DEBTOR(S) | VS. JUDGMENT DEBTOR(S) |
|---|---|
| MAF INC<br>Address: 687 N MILWAUKEE AVE<br>CHICAGO, IL 60622 | MAF INC<br>Address: 1011 E TOUHY #100<br>DES PLAINES, IL 60018 |

| VS. JUDGMENT DEBTOR(S) | VS. JUDGMENT DEBTOR(S) |
|---|---|
| ALLIED HOSPITALITY GROUP INC<br>C/O EDWARD SALOMON ESQ<br>Address: 25 WASHINGTON ST #1000<br>CHICAGO, IL 60602 | NATIONWIDE HOTEL MGMT INC<br>C/O EDWARD SALOMON ESQ<br>Address: 25 E WASHINGTON ST #1000<br>CHICAGO, IL 60602 |

FILED FOR RECORD
2003 MAR 18  AM 8: 32
CLERK
CIRCUIT & COUNTY COURTS
MIAMI-DADE COUNTY, FLA

Pursuant to Section 55.505, Florida Statutes (Florida Enforcement of Foreign Judgments Act), you are hereby notified that a Foreign Judgment has been recorded against you by:

MERRILL LYNCH BUSINESS FIN SVCS INC

Judgment Creditor(s)

222 NORTH LASALLE ST

CHICAGO, IL 60601

Address

SCOTT LILLY

Attorney(s) for Judgment Creditor(s)

PO BOX 3324

TAMPA, FLA 33601

Address

As evidenced by the attached copies of the Recorded Foreign Judgment and Affidavit: I hereby certify that a true copy of this notice together with a copy of the Foreign Judgment and Affidavit been furnished by registered mail, return receipt requested to the above Judgment Debtor(s) at the above address this _____ day of _____ MAR 1 8 2003 _____, 20 _____.

**HARVEY RUVIN**
**CLERK OF COURTS**

BY: _Calibra Sistema_

DEPUTY CLERK

MAR 1 8 2003
DATE

Section 55.509 of the Florida Enforcement of Foreign Judgment Act provides as follows:
"STAY OF ENFORCEMENT OF FOREIGN JUDGMENT"

(1) If, within 30 days after the date the Foreign Judgment is recorded, the Judgment Debtor files an action contesting the jurisdiction of the Court which entered the Foreign Judgment or the validity of the Foreign Judgment and records a Lis Pendens directed toward the Foreign Judgment, the Court shall stay enforcement of the Foreign Judgment and the Judgment lien upon the filing of the action by the Judgment Debtor.

(2) If the Judgment Debtor shows the Circuit or County Court any ground upon which enforcement of a Judgment of any Circuit or County Court of this state would be stayed, the Court shall stay enforcement of the Foreign Judgment for an appropriate period, upon requiring the same security for satisfaction of the Judgment which is required in this state.

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUD... CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

☐ IN THE COUNTY COURT IN AND FOR MIAMI-DA... OUNTY, FLORIDA.

**DIVISION**

☐ CIVIL

☐ OTHER

**NOTICE OF RECORDING
OF
FOREIGN JUDGMENT**

**CASE NUMBER:** 03- 2782 CA 30

| JUDGMENT CREDITOR(S) | VS. JUDGMENT DEBTOR(S) |
|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SVCS INC | NATIONWIDE HOTEL MGMT INC<br><br>Address: 687 N MILWAUKEE AVE<br>CHICAGO, IL 60622 |

| VS. JUDGMENT DEBTOR(S) | VS. JUDGMENT DEBTOR(S) |
|---|---|
| NATIONWIDE HOTEL MGMT INC<br><br>Address: 1011 E TOUHY #100<br>DES PLAINES, IL 60018 | NATIONWIDE RESTAURANT IND, INC<br>C/O THE CORPORATION CO<br>Address: 30600 TELEGRAPH RD<br>BINGHAM FARMS, MI 48025 |

| VS. JUDGMENT DEBTOR(S) | VS. JUDGMENT DEBTOR(S) |
|---|---|
| ALLIED HOSPITALITY GROUP INC<br><br>Address: 687 N MILWAUKEE AVE<br>CHICAGO, IL 60622 | ALLIED HOSPITALITY GROUP INC<br><br>Address: 1011 E TOUHY #100<br>DES PLAINES, IL 60018 |

2003 MAR 18 AM 8: 32
FILED FOR RECORD
CLERK CIRCUIT & COUNTY COURTS
MIAMI-DADE COUNTY, FLA.

Pursuant to Section 55.505, Florida Statutes (Florida Enforcement of Foreign Judgments Act), you are hereby notified that a Foreign Judgment has been recorded against you by:

| MERRILL LYNCH BUSINESS FIN SVCS INC | SCOTT LILLY |
|---|---|
| Judgment Creditor(s) | Attorney(s) for Judgment Creditor(s) |
| 222 NORTH LA SALLE ST | PO BOX 3324 |
| CHICAGO, IL 60601 | TAMPA, FLA 33601 |
| Address | Address |

As evidenced by the attached copies of the Recorded Foreign Judgment and Affidavit: I hereby certify that a true copy of this notice together with a copy of the Foreign Judgment and Affidavit have been furnished by registered mail, return receipt requested to the above Judgment Debtor(s) at the above address this _____ day of _____, 20 _____.

| HARVEY RUVIN<br>CLERK OF COURTS | BY: _____<br>DEPUTY CLERK | _____<br>DATE |
|---|---|---|

Section 55.509 of the Florida Enforcement of Foreign Judgment Act provides as follows:
"STAY OF ENFORCEMENT OF FOREIGN JUDGMENT"

(1) If, within 30 days after the date the Foreign Judgment is recorded, the Judgment Debtor files an action contesting the jurisdiction of the Court which entered the Foreign Judgment or the validity of the Foreign Judgment and records a Lis Pendens directed toward the Foreign Judgment, the Court shall stay enforcement of the Foreign Judgment and the Judgment lien upon the filing of the action by the Judgment Debtor.

(2) If the Judgment Debtor shows the Circuit or County Court any ground upon which enforcement of a Judgment of any Circuit or County Court of this state would be stayed, the Court shall stay enforcement of the Foreign Judgment for an appropriate period, upon requiring the same security for satisfaction of the Judgment which is required in this state.

CLK/CT 486 REV. 7/02          Clerk's web address: www.miami-dadeclerk.com

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUD   CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE  OUNTY, FLORIDA.

| DIVISION<br><br>☐ CIVIL<br><br>☐ OTHER | NOTICE OF RECORDING<br>OF<br>FOREIGN JUDGMENT |
|---|---|

**CASE NUMBER:**
03- 2782 CA 30

| JUDGMENT CREDITOR(S)<br>MERRILL LYNCH BUSINESS<br>FINANCIAL SVCS INC | VS. JUDGMENT DEBTOR(S)<br>NATIONWIDE HOTEL SUPPLY<br>INC C/O EDEARD SALOMON<br>Address: 25 E WASHINGTON ST<br>#1000<br>CHICAGO, IL 60602 |
|---|---|

| VS. JUDGMENT DEBTOR(S)<br>ROBERT D FALOR<br><br>Address: 700 N ORLEANS ST<br>CHICAGO, IL 60610 | VS. JUDGMENT DEBTOR(S)<br>DAVID R FALOR<br><br>Address: 1300 N LA SALLE DR #E<br>CHICAGO, IL 60610 |
|---|---|
| VS. JUDGMENT DEBTOR(S)<br>NATIONWIDE RESTAURANT IND, INC<br>C/O DAVID R FALOR<br>Address: 1011 E TOUHY AVE #100<br>DES PLAINES, IL 60018 | VS. JUDGMENT DEBTOR(S)<br>NATIONWIDE HOTEL LEASING<br>C/O ROBERT D FALOR<br>Address: 789 HAMMOND DR<br>ATLANTA, GA 30328 |

2003 MAR 18  AM 8: 32
FILED FOR RECORD
CLERK
CIRCUIT & COUNTY COURTS
MIAMI-DADE CNTY. FLA.

Pursuant to Section 55.505, Florida Statutes (Florida Enforcement of Foreign Judgments Act), you are hereby notified that a Foreign Judgment has been recorded against you by:

| MERRIL LYNCH BUSINESS FIN SVCS INC<br>Judgment Creditor(s)<br><br>222 NORTH LASALLE ST<br>CHICAGO, IL 60601<br><br>Address | SCOTT LILLY<br>Attorney(s) for Judgment Creditor(s)<br><br>PO BOX  3324<br>TAMPA, FLA  33601<br><br>Address |
|---|---|

As evidenced by the attached copies of the Recorded Foreign Judgment and Affidavit: I hereby certify that a true copy of this notice together with a copy of the Foreign Judgment and Affidavit have been furnished by registered mail, return receipt requested to the above Judgment Debtor(s) at the above address this _____ day of ___MAR 1 8 2003_____, 20 _____.

| HARVEY RUVIN<br>CLERK OF COURTS | BY: _Cabbro_____<br>DEPUTY CLERK | MAR 1 8 2003<br>DATE |
|---|---|---|

Section 55.509 of the Florida Enforcement of Foreign Judgment Act provides as follows:
"STAY OF ENFORCEMENT OF FOREIGN JUDGMENT"

(1) If, within 30 days after the date the Foreign Judgment is recorded, the Judgment Debtor files an action contesting the jurisdiction of the Court which entered the Foreign Judgment or the validity of the Foreign Judgment and records a Lis Pendens directed toward the Foreign Judgment, the Court shall stay enforcement of the Foreign Judgment and the judgment lien upon the filing of the action by the Judgment Debtor.

(2) If the Judgment Debtor shows the Circuit or County Court any ground upon which enforcement of a Judgment of any Circuit or County Court of this state would be stayed, the Court shall stay enforcement of the Foreign Judgment for an appropriate period, upon requiring the same security for satisfaction of the Judgment which is required in this state.

CLK/CT 486 REV. 7/02

Clerk's web address:  www.miami-dadeclerk.com

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDI  CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE  NTY, FLORIDA.

| DIVISION | NOTICE OF RECORDING |
|---|---|
| ☐ CIVIL | OF |
| ☐ OTHER | FOREIGN JUDGMENT |

**CASE NUMBER:** 03- 2782 CA 30

| JUDGMENT CREDITOR(S) | VS. JUDGMENT DEBTOR(S) |
|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SVCS INC | NATIONWIDE HOTEL SUPPLY INC C/O ROBERT D FALOR Address:_____ ____687 N MILWAUKEE AVE____ ____CHICAGO, IL  60622____ |

| VS. JUDGMENT DEBTOR(S) | VS. JUDGMENT DEBTOR(S) |
|---|---|
| Address:_____ _____ _____ | Address:_____ _____ _____ |

| VS. JUDGMENT DEBTOR(S) | VS. JUDGMENT DEBTOR(S) |
|---|---|
| Address:_____ _____ _____ | Address:_____ _____ _____ |

CLERK
CIRCUIT & COUNTY COURTS
MIAMI-DADE COUNTY, FLA.
2003 MAR 18  AM 8: 32
FILED FOR RECORD

Pursuant to Section 55.505, Florida Statutes (Florida Enforcement of Foreign Judgments Act), you are hereby notified that a Foreign Judgment has been recorded against you by:

| __MERRIL LYNCH BUSINESS FIN SVCS INC__ | __SCOTT R LILLY__ |
|---|---|
| Judgment Creditor(s) | Attorney(s) for Judgment Creditor(s) |
| __222 NORTH LASALLE ST__ | __PO BOX  3324__ |
| __CHICAGO, IL  60601__ | __TAMPA, FLA  33601__ |
| _____ Address | _____ Address |

As evidenced by the attached copies of the Recorded Foreign Judgment and Affidavit; I hereby certify that a true copy of this notice together with a copy of the Foreign Judgment and Affidavit have been furnished by registered mail, return receipt requested to the above Judgment Debtor(s) at the above address this _____ day of __MAR 1 8 2003_____, 20 _____.

| HARVEY RUVIN CLERK OF COURTS | BY: _Calebra_____ DEPUTY CLERK | MAR 1 8 2003 DATE |
|---|---|---|

Section 55.509 of the Florida Enforcement of Foreign Judgment Act provides as follows:
"STAY OF ENFORCEMENT OF FOREIGN JUDGMENT"

(1) If, within 30 days after the date the Foreign Judgment is recorded, the Judgment Debtor files an action contesting the jurisdiction of the Court which entered the Foreign Judgment or the validity of the Foreign Judgment and records a Lis Pendens directed toward the Foreign Judgment, the Court shall stay enforcement of the Foreign Judgment and the Judgment lien upon the filing of the action by the Judgment Debtor.

(2) If the Judgment Debtor shows the Circuit or County Court any ground upon which enforcement of a Judgment of any Circuit or County Court of this state would be stayed, the Court shall stay enforcement of the Foreign Judgment for an appropriate period, upon requiring the same security for satisfaction of the Judgment which is required in this state.

CLK/CT 486 REV. 7/02                                      Clerk's web address: www.miami-dadeclerk.com

21005PG3900

**IN THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, STATE OF FLORIDA
CIVIL DIVISION**

MERRILL LYNCH BUSINESS
FINANCIAL SERVICES, INC.

      Plaintiff,

vs.

NATIONWIDE HOTEL SUPPLY, INC.;
NATIONWIDE HOTEL MANAGEMENT,
INC.; MAF, INC.; NATIONWIDE
RESTAURANT INDUSTRIES, INC.;
NATIONWIDE HOTEL LEASING;
ROBERT D. FALOR and DAVID R.
FALOR,

      Defendants.

_____/

Case No. 03 - 2782  CA 30

Division:_____

**AFFIDAVIT OF LAST KNOWN ADDRESS
IN SUPPORT OF DOMESTICATION OF A FOREIGN JUDGMENT**

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

      BEFORE ME, the undersigned authority, personally appeared Scott R. Lilly, who, being first duly sworn, deposes and says:

      1.     I have personal knowledge regarding the matters asserted herein, and am competent to provide testimony.

      2.     I am over eighteen (18) years of age.

      3.     The assertions set forth in this Affidavit are true and correct.

      4.     I am an attorney at the firm of Gray, Harris & Robinson, P.A.'s (the "Firm"), and am involved in the representation of Merrill Lynch Business Financial Services Inc. (the "Judgment Creditor") in this action (the "Domestication Action").

      5.     In connection with the Firm's representation of the Judgment Creditor, I have personal knowledge relating to the Domestication Action, and the related action initiated by the Judgment Creditor



21005PG3901          08    2782   CA30

and pending in the Circuit Court of Cook County, Illinois, styled, <u>Merrill Lynch Business Financial Services</u>
<u>Inc. v. Nationwide Hotel Supply, Inc., et al.</u>, Case No. 02 L 6220 (the "Illinois Action").

6.     On December 5, 2002, an Agreed Judgment Order (the "Judgment") was entered in the
Illinois Action by the Circuit Court of Cook County, Illinois, in the principal amount of $847,172.35, against
Nationwide Hotel Supply, Inc., Nationwide Hotel Management, Inc., MAF, Inc., Nationwide Restaurant
Industries, Inc., Allied Hospitality Group, Inc., Nationwide Hotel Leasing, Robert D. Falor and David R.
Falor (collectively, the "Judgment Debtors"), and in favor of the Judgment Creditor. A certified copy of the
Judgment is attached hereto as Exhibit "A."

7.     The Judgment Creditor's present address is 222 North LaSalle Street, Chicago, IL 60601.

8.     In compliance with <u>Florida Statutes</u> §55.505(1), the following is a compiled list of the last
known names, social security numbers, if known, and addresses of the Judgment Debtors:

| **MAF, Inc.**<br>FEI# 36-4218980<br>c/o Edward S. Salomon, Esq., Reg. Agent<br>25 E. Washington St., Ste. 1000<br>Chicago, IL 60602 | **Nationwide Hotel Management, Inc.**<br>FEI#: 36-3958408<br>c/o Edward S. Salomon, Esq., Reg. Agent<br>25 E. Washington St., Ste. 1000<br>Chicago, IL 60602 |
|---|---|
| **MAF, Inc.**<br>FEI# 36-4218980<br>687 N. Milwaukee Ave.<br>Chicago, IL 60622 | **Nationwide Hotel Management, Inc.**<br>FEI#: 36-3958408<br>687 N. Milwaukee Ave.<br>Chicago, IL 60622 |
| **MAF, Inc.**<br>FEI# 36-4218980<br>1011 E. Touhy, Ste. 100<br>Des Plaines, IL 60018 | **Nationwide Hotel Management, Inc.**<br>FEI#: 36-3958408<br>1011 E. Touhy, Ste. 100<br>Des Plaines, IL |
| **Allied Hospitality Group, Inc.**<br>FEI#: 36-3849200<br>c/o Edward S. Salomon, Esq., Reg. Agent<br>25 E. Washington St., Ste. 1000<br>Chicago, IL 60602 | **Nationwide Restaurant Industries, Inc.**<br>FEI#: 38-3373236<br>c/o The Corporation Company, Reg. Agent<br>30600 Telegraph Road<br>Bingham Farms, MI 48025 |

21005PG3902

03 - 2782   CA 30

| Allied Hospitality Group, Inc.<br>FEI#: 36-3849200<br>687 N. Milwaukee Ave.<br>Chicago, IL 60622 | Nationwide Restaurant Industries, Inc.<br>FEI#: 38-3373236<br>c/o David R. Falor, President<br>1011 E. Touhy Ave., Ste. 100<br>Des Plaines, IL 60018 |
| --- | --- |
| Allied Hospitality Group, Inc.<br>FEI#: 36-3849200<br>1011 E. Touhy, Ste. 100<br>Des Plaines, IL 60018 | Nationwide Hotel Leasing<br>FEI#: Unknown<br>c/o Robert D. Falor, President<br>David R. Falor, Vice President<br>789 Hammond Dr.<br>Atlanta, GA 30328 |
| Nationwide Hotel Supply, Inc.<br>FEI#: 36-4058025<br>c/o Edward S. Salomon, Esq., Reg. Agent<br>25 E. Washington St., Ste. 1000<br>Chicago, IL 60602 | Nationwide Hotel Supply, Inc.<br>FEI#: 36-4058025<br>c/o Robert D. Falor, President<br>687 N. Milwaukee Ave.<br>Chicago, IL 60622 |
| Robert D. Falor<br>Social Security No. 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<br>700 N. Orleans St.<br>Chicago, IL 60610 | David R. Falor<br>Social Security No. 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<br>1300 N. LaSalle Dr., Unit E<br>Chicago, IL 60610 |

10.     Based upon the foregoing, I believe that this affidavit, together with the Judgment, should

be recorded pursuant to <u>Florida Statutes</u> §§ 55.503 and 55.505, with notice provided to the Judgment Debtors

by the Clerk of Court as prescribed under the applicable statute.

FURTHER AFFIANT SAYETH NAUGHT.

SCOTT R. LILLY, ESQUIRE
Florida Bar Number: 0119245
Gray, Harris & Robinson, P.A.
Post Office Box 3324
Tampa, Florida 33601
Telephone: (813) 273-5066
Facsimile: (813) 221-4113

RECORDED IN OFFICIAL RECORDS BOOK
OF DADE COUNTY, FLORIDA
RECORD VERIFIED
HARVEY RUVIN
CLERK CIRCUIT COURT

Sworn to and subscribed before me on this 29th day of January, 2003, by Scott R. Lilly, who is

personally known to me.

Notary Public
Printed Name: Darcen Morales
My Commission Expires: 8-26-05

# 557551.1/lad

-3-


DARCEN MORALES
MY COMMISSION # DD 052567
EXPIRES: August 26, 2005
Bonded Thru Notary Public Underwriters

21005PG3897

03   2782   CA30

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

MERRILL LYNCH BUSINESS )
FINANCIAL SERVICES INC., )
)
Plaintiff, )
)
vs. )       No.   02 L 6220
)              12/5/02
NATIONWIDE HOTEL SUPPLY, INC.; )    Judge David R. Donnersberger
NATIONWIDE HOTEL MANAGEMENT INC.; )
MAF, INC.; NATIONWIDE RESTAURANT )
INDUSTRIES, INC.; ALLIED HOSPITALITY )
GROUP, INC.; NATIONWIDE HOTEL )
LEASING; ROBERT D. FALOR, and )
DAVID R. FALOR, )
)
Defendants. )

2003 JAN 31  PM 3:21
FILED FOR RECORD
CLERK
CIRCUIT & COUNTY COURT
MIAMI-DADE COUNTY, FLA.

## AGREED JUDGMENT ORDER

This cause coming to be heard on a prove-up hearing, Defendants being in agreement as

to the following amounts of liability under Plaintiff's Verified Complaint, and the Court being

fully advised of the premises and having jurisdiction over the parties and subject matter,

IT IS HEREBY ORDERED that judgment is entered against Defendants Nationwide

Hotel Supply, Inc., Nationwide Hotel Management Inc., MAF, Inc., Nationwide Restaurant

Industries, Inc., Allied Hospitality Group, Inc., Nationwide Hotel Leasing, Robert D. Falor, and

David R. Falor, jointly and severally, and in favor of Plaintiff Merrill Lynch Business Financial

Services Inc., in the principal sum of $ 828,845.92; interest through December 4, 2002, in the

amount of $ 4,898.64; reasonable attorney fees and costs through December 4, 2002, in the

amount of $ 13,427.79, totaling $ 847,172.35, in addition to future costs, attorneys' fees and post

judgment interest at the statutory rate.

pg 1 of 2

21005PG3898

03    2782    CA 30

02 L 6220 — MERRILL LYNCH   — V —   NATIONWIDE HOTEL
Page 2

JUDGE DAVID R. DONNERSBERGER

DEC 05 2002  2002

ENTER:  Circuit Court 1541

#1541

Prepared by:

Paul M. Weidlich, Esq.
Lawrence, Kamin, Saunders
& Uhlenhop, L.L.C.
208 South LaSalle St., Suite 1750
Chicago, Illinois 60604
(312) 372-1947
Firm No. 90473
Counsel for Plaintiff

Reviewed and Agreed to by:

_____
Robert D. Falor, individually, and as
authorized agent for Defendants
Nationwide Hotel Supply, Inc.,
Nationwide Hotel Management Inc.,
MAF, Inc., Nationwide Restaurant
Industries, Inc., Allied Hospitality
Group, Inc., Nationwide Hotel Leasing

Cornelius P. Brown, Esq.
COHON, RAIZES & REGAL
208 South LaSalle Street, Suite 1860
Chicago, IL 60604
(312) 726-2252
Counsel for Defendants

Reviewed and Agreed to by:

_____
David R. Falor, individually, and as
authorized agent for Defendants
Nationwide Hotel Supply, Inc.,
Nationwide Hotel Management Inc.,
MAF, Inc., Nationwide Restaurant
Industries, Inc., Allied Hospitality
Group, Inc., Nationwide Hotel Leasing

pg 2 of 2

**EXHIBIT "C"**

# ELECTRONIC JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, F.S..

**JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:**

FALOR, ROBERT D
700 N. ORLEANS STREET
CHICAGO, IL. 60610

FALOR, DAVID R
1300 N. LASALLE DRIVE
UNIT E
CHICAGO, IL. 60610

MAF, INC.
687 N. MILWAUKEE AVENUE
CHICAGO, IL. 60622
FEI#: 36-4218980     DOS DOCUMENT#: N/A

MAF, INC.
1011 E. TOUHY
SUITE 100
DES PLAINES, IL. 60018
FEI#: 36-4218980     DOS DOCUMENT#: N/A

**J03000102816**
**FILED**
**Mar 13, 2003 10:16 A.M.**
**Secretary of State**
JMERRICK

**JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:**

MERRILL LYNCH BUSINESS FINANICAL SERVICES INC.
222 N. LASALLE STREET
CHICAGO, IL 60601
DOS DOCUMENT#: N/A

**NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:**

CHRISTINE M. HOKE, ESQ. - GRAY, HARRIS & ROBINSON, P.A.
CMHOKE@GRAYHARRIS.COM

---

AMOUNT DUE ON MONEY JUDGMENT: 847,172.35
APPLICABLE INTEREST RATE: 9.00%
NAME OF COURT: DADE COUNTY CIRCUIT COURT
CASE NUMBER: 02 L 6220
DATE OF ENTRY: 12/05/02
WAS A WRIT OF EXECUTION DOCKETED ON THIS JUDGMENT LIEN WITH ANY SHERIFF PRIOR TO OCTOBER 1, 2001?
( ) YES  (IF YES, A "CREDITOR AFFIDAVIT CERTIFICATION" FORM MUST BE ATTACHED TO THIS CERTIFICATE.)
(X) NO

---

**UNDER PENALTY OF PERJURY, I hereby certify that: (1) The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2) All of the information set forth above is true, correct, current and complete; (3) I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, (4) I have complied with all applicable laws in submitting this Electronic Judgment Lien Certificate for filing.**

Electronic Signature of Creditor or Authorized Representative: CHRISTINE M. HOKE

**EXHIBIT "D"**

**IN THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, STATE OF FLORIDA
CIVIL DIVISION**

MERRILL LYNCH BUSINESS
FINANCIAL SERVICES, INC.

       Plaintiff,                              Case No. 03-2782-CA 30

vs.

NATIONWIDE HOTEL SUPPLY, INC.;
NATIONWIDE HOTEL MANAGEMENT,
INC.; MAF, INC.; NATIONWIDE
RESTAURANT INDUSTRIES, INC.;
ALLIED HOSPITALITY GROUP, INC.,
NATIONWIDE HOTEL LEASING;
ROBERT D. FALOR and DAVID R.
FALOR,

       Defendants.

_____/

**INSTRUCTIONS FOR LEVY**
**(Personal Property)**
**(Dated:  April 16, 2003)**

TO:    Sheriff of Miami-Dade County

Dear Sir or Ma'am:

       In the matter of an execution for money issued out of the Circuit Court of Cook County, Illinois, and fully domesticated and recorded in the State of Florida, in the above-styled cause, you are hereby instructed to levy upon the property of Robert D. Falor (the "Defendant"), described as follows:

       1998 Sea Ray 47 foot yacht known as "Pleasures;" Vessel Official Number 1068563;
              Hull Id. No. SERP4021B898; Registration No. CG D10868563;
                   Port Registry of Falling Waters, West VA.

Disclosure of the balance on the writ is as follows: $847,172.35, plus future costs, attorneys' fees, and post-judgment interest at nine percent (9%).

       Upon information and belief, all such property is located at Sealine Marina & Yachting Center, 1635 North Bayshore Drive, Miami, Florida 33132.  Please mail a copy of the "Notice of Sheriff's Sale" by certified mail to the Defendant's attorney of record or if no such attorney, the Defendant's last known address, as follows:

| Robert D. Falor | Cornelius P. Brown, Esq. |
| 700 N. Orleans Street | 208 S. LaSalle St., Ste. 1860 |
| Chicago, IL 60610 | Chicago, IL 60604 |

It is expressly understood and agreed that you as Sheriff of Miami-Dade County, Florida, pursuant to <u>Florida Statutes</u> § 30.30 shall be held blameless and harmless against any liability in executing this Writ and in making a wrongful levy when acting upon these instructions. It is further understood and agreed that the undersigned shall post with the Sheriff an advanced cost deposit as determined by the Sheriff to pay all costs incident to this levy, including court costs and attorneys' fees if an additional deposit is requested and is not received by the date requested provided the property levied upon for any reason not be sold or if upon sale should not produce sufficient money to pay said costs unless said costs should have been paid by the Defendants or a third party. <u>Florida Statutes</u> § 30.30, as amended, provides that the Sheriff must levy upon property specifically described in the Writ. It further provides that if the Sheriff attempts to levy upon any property other than that specifically described in the Writ, he may require that Plaintiff furnish a bond for his protection.

_____
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number: 731013
**CHRISTINE M. HOKE, ESQUIRE**
Florida Bar Number: 094412
Gray, Harris & Robinson, P.A.
Post Office Box 3324
Tampa, Florida 33601
Telephone: (813) 273-5066
Facsimile: (813) 221-4113
Attorneys for Plaintiff

**EXHIBIT "E"**

**IN THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT**
**IN AND FOR DADE COUNTY, STATE OF FLORIDA**
**CIVIL DIVISION**

MERRILL LYNCH BUSINESS
FINANCIAL SERVICES INC.
      Plaintiff,                        Case No. 03-2782-CA 30
vs.

NATIONWIDE HOTEL SUPPLY, INC.;
NATIONWIDE HOTEL MANAGEMENT,
INC.; MAF, INC.; NATIONWIDE
RESTAURANT INDUSTRIES, INC.;
ALLIED HOSPITALITY GROUP, INC.,
NATIONWIDE HOTEL LEASING;
ROBERT D. FALOR and DAVID R.
FALOR,
      Defendants.
_____/

## <u>WRIT OF EXECUTION</u>

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

      You are commanded to levy on the property subject to execution of Defendants, <u>NATIONWIDE</u>

<u>HOTEL SUPPLY, INC., NATIONWIDE HOTEL MANAGEMENT,  INC., MAF, INC., NATIONWIDE</u>

<u>RESTAURANT INDUSTRIES, INC., ALLIED HOSPITALITY GROUP, INC., NATIONWIDE HOTEL</u>

<u>LEASING, ROBERT D. FALOR and DAVID R. FALOR,</u> jointly and severally, and in favor of Plaintiff,

Merrill Lynch Business Financial Services Inc., in the principal sum of $828,845.92; interest through

December 4, 2002 in the amount of $4,898.64; reasonable attorney fees and costs through December 4, 2002,

in the amount of $13,427.79; totaling $847,172.35, in addition to future costs, attorney's fees and post

judgment interest at the statutory rate until paid and to have this writ before the Court when satisfied.

      **APR 1 8 2003**
      Dated on April _____, 2003.

                                 Clerk of Circuit Courts
                                   BARBARA RODRIGUEZ

Attorney for Plaintiff:                         By: _____
John A. Anthony, Esq.                         Deputy Clerk
P.O. Box 3324
Tampa, FL 33601
(813) 273-5000                                   ghr#566261.1

**EXHIBIT "F"**

THIS INSTRUMENT WAS PREPARED BY
COURT SERVICES BUREAU, 8TH FOOR
140 WEST FLAGLER STREET
MIAMI, FLORIDA 33130

DOCKET NO. 324-1523

BY: Sgt. J. Fields

IN THE CIRCUIT COURT FOR THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY, STATE OF FLORIDA

Case No. 03-2782-CA 30

MERRILL LYNCH BUSINESS
FINANCIAL SERVICES INC.
            Plaintiff,

vs.                                                NOTICE OF SHERIFF'S LEVY

NATIONWIDE HOTEL SUPPLY, INC.;
NATIONWIDE HOTEL MANAGEMENT,
INC.; MAF, INC.; NATIONWIDE
RESTAURANT INDUSTIES, INC.;
NATIONWIDE HOTEL LEASING;
ROBERT D. FALOR and DAVID R.
FALOR,
            Defendants.
_____/

    Notice is hereby given that under and by virtue of writ of
execution issued out of Circuit Court in and for Miami-Dade County,
Florida, in the case of Nationwide Hotel Supply, Inc.; Nationwide
Hotel Management, Inc.; MAF, Inc.; Nationwide Restaurant Industies,
Inc; Allied Hospitality Group, Inc., Nationwide Hotel Leasing;
Robert D. Falor and David R. Falor, Defendant. I have levied this
day upon all of the right, title and interest of the said
defendant, Robert D, Falor, in and to the following described
property, being in Miami-Dade County, Florida, to-wit:

1998 SEA RAY 47' YACHT, HULL I.D. #SERP4021B898, REG. #CG D10868563

        Dated this 22 day of April, A.D., 2003.

                              CARLOS ALVAREZ
                    Sheriff of Miami-Dade County, Florida

                    By:_____
                        Sergeant J. Fields, Deputy Sheriff

**EXHIBIT "G"**

IN THE CIRCUIT COURT FOR THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY, STATE OF FLORIDA

Case No. 03-2782-CA 30

MERRILL LYNCH BUSINESS
FINANCIAL SERVICES INC.
        Plaintiff,

vs.                           NOTICE OF SHERIFF'S SALE

NATIONWIDE HOTEL SUPPLY, INC.;
NATIONWIDE HOTEL MANAGEMENT,
INC.; MAF, INC.; NATIONWIDE
RESTAURANT INDUSTRIES, INC.;
ALLIED HOSPITALITY GROUP, INC.,
NATIONWIDE HOTEL LEASING;
ROBERT D. FALOR and DAVID R.
FALOR,
        Defendants.
_____/

    Notice is hereby given that under an by virtue of a Writ of
Execution issued in the above styled cause, I, Carlos Alvarez, Sheriff
of Miami-Dade County, Florida, have levied upon and will offer for sale
all the right, title, and interest of said defendant, Robert D. Falor,
in the below described property. The sale will be held a Squad room
#801, 140 West Flagler Street, in Miami, Miami-Dade County, Florida, on
the 28 day of May, 2003, at 11:00 a.m. and continue from day to day,
except Saturday and Sunday, until such property is disposed of to the
highest and best bidder for cash.
    The following property is offered for sale:

1998 SEA RAY 47' YACHT, HULL I.D. #SERP4021B898, REG. #CG D10868563

STORAGE LOCATION:
DIXIE TRANSPORT INC
5520 NE 4 AVENUE
MIAMI, FLORIDA

as the property of the said defendant, Robert D. Falor, to satisfy said
Writ of Execution.

Dated this 21 day of April, 2003.

Carlos Alvarez
Director and Metropolitan Sheriff
Miami-Dade County Florida

By:_____
    Sergeant J. Fields, Deputy Sheriff

       SHERIFF'S
        SEAL
4/23; 4/30; 5/7; 5/14/2003

ATTORNEY FOR THE PLAINTIFF
John A. Anthony, Esq.
P.O. Box 3324
Tampa, Fl 33601